MARSHALL, APPELLANT, *v.* MUNICIPAL CIVIL SERVICE
COMMISSION OF COLUMBUS ET AL., APPELLEES.■
THE STATE, EX REL. MARSHALL, APPELLANT, *v.* CIVIL SERVICE
COMMISSION OF COLUMBUS ET AL., APPELLEES.

(Nos. 77AP-699, 77AP-700—Decided February 21, 1978.)

*Mr. Robert P. DiRosario*, for appellant Daniel T. Marshall.

*Mr. John C. Francis*, city attorney, and *Mr. Donald Keller*, for appellee Civil Service Commission of Columbus.

STRAUSBAUGH, J.   This is an appeal by relator Daniel T. Marshall from an action in the Common Pleas Court requesting a writ of mandamus and a mandatory injunction against the Civil Service Commission and from an appeal to the Common Pleas Court from a decision of the Civil Service Commission denying him a hearing. The Common Pleas Court rendered a judgment finding (1) that the probationary period for the position of firefighter in the di-

vision of fire of the city of Columbus is one year after the date of appointment and (2) that adequate notice of his probationary removal, as required by the Columbus City Charter, was given to relator, and ordering that the relief sought by relator be denied in each case.

The record indicates that on October 14, 1975, appellant Marshall was appointed to the rank of Firefighter, and was assigned to the training academy for a basic firefighting training course; that on the morning of December 29, 1975, Captain Allen, a Recruit Training Officer, and Battalion Chief Mason prepared an official interdivisional communication addressed to Chief Fadley requesting the dismissal of Marshall; that the communication was immediately forwarded to Chief Werner and Chief Fadley; that Chief Fadley brought the matter to the immediate attention of the Safety Director who proceeded to authorize the termination of Marshall and who told Chief Fadley to make sure that young Marshall got the charges; that Chief Fadley then had Captain Allen deliver to Marshall a copy of the official interdivision communication stating the reasons for his dismissal; that Chief Werner met with Marshall on the afternoon of December 29, 1975, asking if Marshall had any explanation of the charges; that receiving no explanation, Marshall was then verbally ordered to turn in his badge and told not to report for duty.

The record further indicates that on January 6, 1976, the Safety Director processed a personnel action terminating Marshall from service in the Fire Department; that shortly thereafter the Safety Director forwarded a copy of the official interdivisonal communication setting forth the reasons for Marshall's dismissal to the Civil Service Commission which was received January 8, 1976; that Marshall hired an attorney on the evening of December 29, 1975; that in the letter dated January 8, 1976, Marshall, through his counsel requested that the Civil Service Commission grant him a hearing on his dismissal which was summarily denied based on the fact that Marshall had been properly removed during his probationary period; that Marshall then filed an appeal with the Common Pleas

Court which was consolidated for trial with Marshall's complaint in mandamus; that following a trial the Common Pleas Court ruled that Marshall was a probationary employee and that adequate notice of his probationary removal was, as required by the Columbus City Charter, in fact given, from which ruling this appeal has been taken.

Appellant-relator brings the following three assignments of error:

"1. Can the Civil Service Commission of Columbus, Ohio, contrary to the mandate of the Columbus City Charter and its Rules and Regulations requiring a rule specifying the periods of probation for employees adopt an oral policy pertaining to periods of probation?

"2. Can an employee of the City of Columbus, Department of Public Safety, Division of Fire, contrary to the provisions of the City Charter, have his employment terminated by anyone other than the appointing authority?

"3. Do the Rules and Regulations of the Civil Service Commission and the due process provisions of the Constitutions of the United States and the State of Ohio require that an employee be granted a hearing prior to any dismissal?"

The Columbus City Charter provides, in part, as follows:

"Section 149. Rules. *The commission shall prescribe, amend, and enforce rules for the classified service,* shall keep minutes of its proceedings and records of its examinations and shall make investigations concerning the enforcement and effect of the civil service provisions and and of the rules thereunder. It shall make an annual report to the mayor. *The rules shall provide:* * * *

"(o) *For a probationary period of not less than one month nor more than one year following any appointment from an eligible list* with service as a provisional employee in the same position to be included in such period, and with the probationary period to be uniform within the same class, provided, however, that there shall be no probationary period for promotional appointment. The probationary period shall be considered a part of the selection pro-

cess as a work test period. No original appointment shall be permanent until after appointment from an eligible list and expiration of the probationary period. The service of any employee serving pursuant to an original appointment may be terminated by the appointing authority at any time during the probationary period or at the end of the probationary period by submitting a written report to the commission and the employee specifying the reason the employee is found to be unsatisfactory and such removal shall be final. Unless the employee has been removed earlier, the appointing authority shall, not less than ten calendar days prior to the end of the probationary period, submit a report to the commission of his decision to make the appointment permanent or remove such employee together with his reason therefor. Failure to make such report at least ten days prior to the expiration of the probationary period shall automatically make the appointment permanent. An employee removed by the appointing authority during or at the end of the probationary period may be restored to the eligible list if the commission determines he would be suitable for appointment to another position. There shall be no appeal of any kind from the action of the appointing authority removing an employee during or at the end of the probationary period.

"(p) *For the publication of the rules and amendments thereto in the City Bulletin.* The commission shall adopt such other rules, not inconsistent with the foregoing provisions of this section, as may be necessary and proper for the enforcement of the merit system." (Emphasis added.)

Addressing ourselves to the issue of whether the probationary period is one month or one year, the trial court, in its decision, stated:

"The testimony that was developed was that it was generally conceded by the city officials and the officials of the Columbus Fire Department that the one year probationary period was, and at all times had been, in force. No definite regulation setting such time was produced in evidence; however, Dale Crawford, the Executive Secretary of the Columbus Civil Service Commission, stated

that it was generally considered as the one year probationary period and that while there had been no 'rule' adopted, in 1967 the minutes reflected such a policy. In 1971, however, the regulations were amended, but the witness could not state that the specified time of one year was ever re-adopted as a rule. Mr. Crawford further testified that a list was maintained at their department which would indicate that any inquiry from a person apply [sic] for a position with the City, including the Division of Fire, could learn of any of the prescribed probationary periods which was in force.

"The officials of the Fire Department plus the Safety Director, Mr. Chupka, plus the Executive Secretary of the Civil Service Commission testified that the one year was and always had been considered as the probationary period. Daniel Marshall's father, who was a Chief of the Fire Department, testified on behalf of his son that there had been a disagreement as to the length of the probationary period and he personally considered it as being one month minus ten days, which would then mean the probationary period from a practical standpoint could be anything from eighteen days to twenty-one days. Despite the questions presented by Chief Marshall, the record is void of any formal action to clarify what at least Chief Marshall considered as a confusing situation.

"It is the opinion of this Court that as to the probationary period, the procedures adopted by the proper authorities had established a practice at least, a one year probationary period. The Court cannot accept the position of the appellant-relator that in the absence of a 'rule' to the contrary, the one month would apply. * * *"

Under the Columbus City Charter it is mandatory that the Civil Service Commission shall prescribe rules for a probationary period following the appointment from an eligible list. An examination of the record shows that this was not done. Furthermore, subparagraph (p) provides for the publication of such rule or rules in the City Bulletin. The record further indicates that this was not done. The clear provisions of the Columbus City Charter can-

not be by-passed or abrogated by a general consensus or an understanding in lieu of the actual provisions of the Charter. The mere fact that the Charter provisions had not been followed for several years does not make legal or valid such practice because of a failure to previously challenge. The only interpretation possible is that the minimum time period of thirty days must be applied to appellant-relator Marshall. We find that on December 29, 1975, Marshall was no longer a probationary employee and was, therefore, entitled to have the Division of Fire file with the appointing authority, and the Safety Director of the city of Columbus, a statement of charges the same as any other non-probationary employee of the city of Columbus. We therefore find that appellant's first assignment of error is well taken and is sustained.

We find appellant's second and third assignments of error to be therefore rendered moot and they are, therefore, overruled by virtue of our ruling upon the first assignment of error. We find that appellant had a right of appeal under the Columbus City Charter from an illegal discharge and, since it is clear from the record that the provisions for firing men from the Columbus Fire Department were not followed, appellant's appeal is well taken and this court orders the Common Pleas Court to order the reinstatement of appellant to the position from which he was terminated. Inasmuch as appellant had a remedy at law, his complaint in mandamus is dismissed. For the forgoing reasons, the previous order of the Common Pleas Court is reversed and appellant is ordered reinstated to his former position.

*Judgment reversed and writ denied.*

WHITESIDE and McCORMAC, JJ., concur.